UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY J. FAGAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | No. 2:16-cv-02051 MCE CKD<br><br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

In his complaint filed August 26, 2016, plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). Plaintiff and defendants have filed cross-motions for summary judgment, which have been fully briefed and are submitted for review. (ECF Nos. 15, 16, 17 & 18.)

In July 2017, plaintiff filed a motion to amend the complaint, now before the court. (ECF No. 19.) Defendant has opposed the motion. (ECF No. 24.) On August 2, 2017, the matter was submitted without oral argument.

////
////

1

II. <u>Legal Standard</u>

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be given freely when justice requires. In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of proposed amendment. <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003), quoting <u>Foman v. Davis</u>, 371 U.S. 178 (1962). Of these factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." <u>Id.</u>

III. <u>Background</u>

In his August 2016 complaint, plaintiff challenged the Commissioner's final decision that he was not entitled to disability insurance benefits (DIB) from November 1, 2011, the alleged onset date, to January 9, 2015, the date of the ALJ's decision. (ECF No. 1.) The parties' briefing on this issue was completed in March 2017. (ECF No. 18.)

In his July 28, 2017 motion to amend, plaintiff asserts that he subsequently filed a second application for DIB and was found disabled with an onset date of January 10, 2015 and entitlement to benefits commencing in August of 2015.[1] (ECF No. 1, ¶ 8.) As before, plaintiff asks that the court reverse and set aside the Commissioner's adverse decision concerning the period from November 2011 through January 2015. Alternatively, he asks for remand with the following amended language:

> In the alternative, remand this cause for further proceedings . . . for the closed period of benefits from Plaintiff's alleged onset date of November 1, 2011 on and through January 10, 2015. Plaintiff brings this to the attention of the court as ALJs routinely consider that the entire period of disability is before them for a decision[,] not just the contested period. It has been the undersigned's experience that ALJs have been pressuring claimants to withdraw their first application and the subsequent favorable decision will not be reopened and disturbed. Otherwise they run the risk of having their current benefits and perhaps Medicare terminated. . . . This form of intimidation places a chilling effect on claimants who have exercised their appellate rights and prevailed. Accordingly, a

---

[1] Defendant states that, on information and belief, plaintiff's subsequent application was filed on August 2, 2016 and granted on September 8, 2016. (ECF No. 24 at 2.)

2

> remand should instruct the Commissioner and the AC that the period under review is for the closed period only and any review of the finding of disabled on a later onset date should follow the normal cessation procedures and not be expedited due to a remand of the prior claims.

(ECF No. 1, ¶ B.)

In short, plaintiff seeks to amend his complaint "to a closed claim period from his alleged onset date of November 11, 2011 through January 9, 2015." (ECF No. 19.) Any "remand should instruct the Commissioner and the AC that the period under review is for the closed period only and any review of the finding of disabled on a later onset date should follow the normal cessation procedures and should not be expedited due to a remand of the prior claim." (Id.)

IV. Discussion

The Social Security Act confers jurisdiction on United States district courts to review "any final decision ... made after a hearing." 42 U.S.C. § 405(g). In opposition to the motion, defendant argues that plaintiff's proposed amendment is futile because he seeks relief outside the scope of §405(g) in order "to prevent lawless, unnamed ALJs from intimidating him." (ECF No. 24 at 2.)

Defendant points out that federal courts' review of final decisions regarding DIB is limited in scope as set forth in § 405(g), which provides in part: "[T]he court shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Defendant argues that nothing in the jurisdictional statute permits the court to define the scope of the remand so as to prevent alleged intimidation. (ECF No. 24 at 3-4.) See Wood v. Burwell, 837 F.3d 969, 977 (9th Cir. 2016) ("[B]ased on the specific statutory language of § 405(g), courts are not permitted to retain jurisdiction during a sentence four remand."), citing Shalala v. Schaefer, 509 U.S. 292, 296 (1993).

Defendant notes that plaintiff's subsequent grant of benefits for the period beginning January 10, 2015 has not been challenged and is not under review by this court. Yet, defendant contends, plaintiff seeks to effectively render the subsequent decision "untouchable" by tailoring any remand of the prior decision that is before the court. (ECF No. 24 at 5.) See Hastings v.

Comm'r of Soc. Sec., 581 Fed. Appx. 694, 695 (9th Cir. July 1, 2014) (unpublished) (holding that district court lacked jurisdiction over a subsequent grant of benefits). Defendant also asserts that the SSA has its own policies "for what to do when a Court remands a case and there is also a subsequent grant of benefits." (ECF No. 24 at 5.) See HALLEX I-2-8-18 (updated 5/26/17) ("The ALJ will generally decide the remanded issues through the date of the new hearing decision or, in title II cases involving an expired date last insured, through the date of last insured status."). Until it is properly before the court, defendant argues, the 2016 decision is "still under the purview of the agency[.]" (ECF No. 24 at 7.)

Finally, defendant argues that plaintiff's proposed amendment is prejudicial and would cause undue delay, as plaintiff's challenge to the 2015 decision is fully briefed. Plaintiff has not explained why he waited until July 2017 to request a limited remand: ten months after the agency's favorable second decision and three months after briefing was completed on the pending cross-motions for summary judgment.

As defendant's opposition has merit, the undersigned will recommend that plaintiff's motion to amend be denied.

For the reasons stated herein, IT IS HEREBY RECOMMENDED that plaintiff's motion to amend (ECF No. 19) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 4, 2017

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/fagan2015.ssi.amend_fr