UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY J. FAGAN,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:16-cv-02051 MCE CKD<br><br><br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will recommend that plaintiff's motion for summary judgment be granted and the Commissioner's cross-motion for summary judgment be denied.

BACKGROUND

Plaintiff, born July 20, 1960, applied on July 19, 2012 for SSI, alleging disability beginning November 2, 2011. Administrative Transcript ("AT") 34, 42. Plaintiff alleged he was unable to work due to back, knee, and neck pain, headaches, sleep apnea, and other conditions.

////

////

1

AT 90. In a decision dated January 9, 2015, the ALJ determined that plaintiff was not disabled.[1]

AT 34-43. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.
>
> 2. The claimant has not engaged in substantial gainful activity since November 1, 2011, the application date.
>
> 3. The claimant has the following severe impairments: low back pain, bilateral knee pain, lymphedema and obesity.
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work with the following limitations: the claimant is able to lift/carry 10 pounds frequently and 20 pounds occasionally. The claimant is able to stand up to one hour, not to exceed 4 hours in an 8-hour workday. The claimant is able to walk up to 30 minutes, not to exceed 4 hours in an 8-hour workday. The claimant has unlimited ability to sit. The claimant is unable to climb ladders, ropes or scaffolds. The claimant is unable to kneel or crawl. The claimant is able to climb ramps or stairs occasionally. The claimant should avoid concentrated exposure to work hazards, such as moving machinery and unprotected heights.
>
> 6. The claimant is unable to perform any past relevant work.
>
> 7. The claimant was born on July 20, 1960 and was 51 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed.
>
> 8. The claimant has a limited education and is able to communicate in English.
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.
>
> 10. The claimant has not been under a disability, as defined in the Social Security Act, from November 1, 2011, through the date of this decision.

AT 36-43.

## ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following error in finding plaintiff not disabled: the RFC was not supported by substantial evidence and was contrary to the opinion of a treating physician.

## LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial

evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

Plaintiff argues that the ALJ erred by providing an RFC that was contrary to the opinion of plaintiff's treating physician, Dr. Helen Chong, even though the ALJ purportedly gave this opinion "great weight." The ALJ summarized Dr. Chong's report as follows:

> In September 2014, treating physician H. Chong, M.D., rendered a physical assessment, wherein she opined as follows: the claimant is able to lift/carry 10-15 pound frequently. <u>The claimant is able to stand/walk for one hour at a time for a total of 4 hours in an 8-hour day.</u> The claimant has unlimited ability to sit. The claimant is unable to climb, crouch, kneel or crawl. The claimant may occasionally bend or stoop. <u>This assessment is given great weight</u>. As the claimant's treating physician, Dr. Chong supported her opinion with multiple examinations, and a longitudinal understanding of the claimant's condition. Moreover, her assessment is consistent with the claimant's own admissions about physical capabilities, the claimant's account of daily activities, the history of conservative treatment and the record as a whole.

4

AT 41 (emphasis added); see AT 444-446 (Chong report).

"Yet," plaintiff argues, "the ALJ's RFC includes standing and walking durations that are twice what Dr. Chong indicated as plaintiff's maximum." (ECF No. 16 at 5; emphasis in original.) As set forth above, the RFC indicated that plaintiff could "stand up to one hour, not to exceed 4 hours in an 8-hour workday; able to walk up to 30 minutes, not to exceed four hours in an 8-hour workday." AT 37. Plaintiff contends that this contradicts Dr. Chong's finding that plaintiff could stand and/or walk for up to four hours total in an eight-hour workday. See AT 444 (Dr. Chong indicates that, in an eight-hour day, plaintiff could "stand and/or walk" for a "total" of 3-4 hours and one hour without interruption). Plaintiff argues that the RFC erroneously indicates that plaintiff could spend half of an eight-hour shift walking and the other half standing.

Defendant concedes that the ALJ's RFC finding was not identical to Dr. Chong's opinion, and that Dr. Chong "opined that plaintiff could stand or walk from three to four hours in a day." (ECF No. 17 at 6.)

At the hearing, the ALJ provided the Vocational Expert (VE) with two hypotheticals. The first of these was consistent with the RFC she ultimately provided, in which plaintiff was limited to "standing up to one hour at a time, not to exceed four hours, walking not more than 30 minutes at one time, not to exceed four hours." AT 79-80. The VE testified that, with these limitations, plaintiff would have "essentially a light RFC with some other modifications . . . I'm assuming that the person would stand for four hours and walk for four hours, that they could be on their feet for the bulk of the shift. And if you could stand for one hour, at a time, interspersed with walking and sitting, I don't think that would be a really significant impediment to most light work." AT 80-81 (emphasis added). The VE found that plaintiff could be employed at a light unskilled level (e.g., as a hand packager or a packing machine operator) and there were such jobs available in the national economy. AT 81.

The second hypothetical hewed to the limits set by Dr. Chong: plaintiff could "stand and/or walk up to one hour, not to exceed a total cumulatively of three to four hours, up to four hours." AT 82. In posing this second hypothetical, the ALJ explicitly referred to Dr. Chong's report. AT 82. The VE testified that, with a limitation of "three to four hours on your feet . . .

5

you're starting to lose most light jobs," but plaintiff could be employed "at a sedentary, unskilled level." AT 83. However, the ALJ acknowledged that sedentary work was precluded by the grids. AT 84.

The ALJ went on to find that plaintiff was capable of doing light work based on the VE's response to the first hypothetical. AT 42-43. The ALJ provided no reason for discounting Dr. Chong's finding that plaintiff could stand or walk for a "total of 3-4 hours" in an 8-hour shift.

Defendant argues that substantial evidence supports the RFC finding. He argues that the ALJ did not explicitly find that plaintiff could stand for four hours and walk for another four hours in an eight-hour shift, but merely "broke out the findings separately rather than the commonly used phrasing of 'stand or walk up to four hours a day.'" (ECF No. 17 at 6.) However, the VE clearly testified that his interpretation of the RFC language allowed the claimant "to be on their feet for the bulk of the shift," and made his job assessment accordingly.

Based on the foregoing, the undersigned concludes that the RFC finding is not supported by substantial evidence and the ALJ erred in discounting a key portion of Dr. Chong's opinion. Thus plaintiff is entitled to summary judgment on his claim.

CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative

6

proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the record has been fully developed and further administrative proceedings would serve no useful purpose. As discussed above, the ALJ failed to provide any reason for rejecting Dr. Chong's opinion, but rather found it to be consistent with the record as a whole. Thus it is unlikely that any new medical evidence would warrant discounting Dr. Chong's opinion. Moreover, the VE testified that incorporating Dr. Chong's limitations into the RFC would allow only for sedentary work, which the ALJ recognized was precluded by the grids in this case. The record as a whole does not create serious doubt as to whether plaintiff is, in fact, disabled within the meaning of the Social Security Act.

Accordingly, IT IS HEREBY RECOMMENDED THAT:

1. Plaintiff's motion for summary judgment (ECF No. 15) be granted;

2. Defendant's cross-motion for summary judgment (ECF No. 17) be denied;

3. The Commissioner's decision be reversed;

4. This matter be remanded for the immediate award of benefits; and

5. The Clerk of the Court be directed to enter judgment for plaintiff and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 2, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/fagan2051.ssi.ckd_fr