UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY J. FAGAN,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:16-cv-02051-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Larry J. Fagan filed a complaint challenging the denial of his application for disability and disability insurance benefits on August 26, 2016. On March 15, 2018, this Court issued an order reversing ALJ decision and remanded the case for further proceedings. Presently before the Court is Plaintiff's Motion for Attorney's Fees (ECF No. 39) pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), (hereinafter "EAJA") in the amount of $8,414.45. Defendant opposes the motion and contends the attorney fees request is unreasonable because Plaintiff used the incorrect rate for paralegal work and seeks compensation for clerical work and work related to his unsuccessful motion to amend. Defendant further alleges that any EAJA fees awarded must be paid to Plaintiff and not his counsel. For the following reason, Plaintiff's Motion is GRANTED in part.

1

**BACKGROUND**

Plaintiff filed an application for disability insurance benefits with the Social Security Administration on July 19, 2012, alleging he had become disabled as of November 1, 2011. His application "was denied initially on November 27, 2012, and upon reconsideration on October 30, 2013." Plaintiff requested a hearing, and testified before an Administrative Law Judge ("ALJ") on September 10, 2014. The ALJ concluded Plaintiff was not disabled and issued an order denying benefits on January 9, 2015. The Administration's Appeals Council denied Plaintiff's subsequent request for review on March 19, 2015, such that the ALJ's findings became the final decision of the Commissioner of Social Security.

Plaintiff initiated the action before this Court on August 26, 2016, seeking judicial review of the ALJ's decision. The Court determined that the testimony of the Vocational Expert on whether there were light jobs Plaintiff could perform with a stand/walk limit of 3-4 hour was inadequate and that the ALJ erred by failing to seek clarification. It thus remanded this action for further proceedings. Following the entry of judgment, Plaintiff filed the motion for fees under the EAJA that is now pending before the Court. The Court concludes that Plaintiff is entitled to recover $8,130.30 of the $8,414.45 requested.[1]

**STANDARD**

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United Sates was substantially justified or that special circumstances make an award unjust." 28 U.S.C.

---

[1] Having determined that oral argument would not be of material assistance, the Court ordered the Motion submitted on the briefs pursuant to Local Rule 230(g).

2

§ 2412(d)(1)(A).  "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B)(i). The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The statute explicitly permits the court, in its discretion to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. § 2412(d)(1)(C) and 24129(d)(2)(D)).

A party who obtains a remand in a Social Security case is a prevailing party for the purposes of the EAJA. Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993) (stating no holding of this court has ever denied a prevailing-party status… to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . ., which terminates the litigation with victory for the plaintiff"). "[A]n applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of [his] benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." Gutierrez, 274 F.3d at 1257.

**ANALYSIS**

There is no dispute Plaintiff is the prevailing party in this matter.  Moreover, the Court finds Plaintiff did not unduly delay this litigation, and Plaintiff's net worth did not exceed two million when this action was filed.  The Court thus considers below whether the requested fees are reasonable and whether they may be paid directly to Plaintiff's counsel.

///

3

**A. Plaintiff's Fee Request**

The EAJA expressly provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)(A). Under the statutory regime, hourly rates for attorney fees have been capped at $125 since 1996, but district courts are permitted to adjust the rate to compensate for an increase in the cost of living. See 28 U.S.C. § 2412(d)(2)(A); Sorenson v. Mink, 239 F.3d 1140, 1147-49 (9th Cir. 2001); Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998). Determining a reasonable fee "requires more inquiry by a district court than finding the product of reasonable hours times a reasonable rate." Atkins, 154 F.3d at 988 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) (internal citations omitted)). The district court must consider "the relationship between the amount of the fee awarded and the results obtained." Id. at 989.

Defendant attacks the reasonableness of Plaintiff's fee request on several grounds. First, Defendant argues that the proper paralegal rate in this district is $75 per hour as opposed to the $100 per hour Plaintiff requests. "[A] prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the Government at prevailing market rates," Richlin Sec. Service Co. v. Chertoff, 553 U.S. 571, 590 (2008), which the Court finds, in this district, is $100 per hour. See Chapman v. Pier 1 Imps. (U.S.), Inc., No. 2:04-cv-01339-MCE-AC, 2017 U.S. Dist. LEXIS 37257, at *9 (E.D. Cal. Mar. 14, 2017) (granting $100 per hour for paralegal work); Dittmar b. Berryhill, No. 2:15-cv-1630 DB, 2017 U.S. Dist. LEXIS 159358, at *8 (E.D. Cal. Sep. 26, 2017) (finding $100 per hour a reasonable rate for paralegals); McCarty v. Humphrey, No. 2:13-cv-0431 KJM AC, 2016 U.S. Dist. LEXIS 125835, 2016 at *5 (E.D. Cal. Sept. 15, 2016) (awarding paralegal rates of $85 and $100 per hour). Accordingly, Plaintiff's paralegal hours will be paid at a rate of $100 per hour.

Second, Defendant contends that Plaintiff's fee request is unreasonable because it includes non-recoverable clerical tasks. Work that is "clerical in nature… should be consumed in firm overhead rather than billed." Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009); see also Harris v. L & L Wings, Inc., 132 F.3d 978, 985 (4th Cir. 1997)

(approving the court's elimination of hours spent on clerical tasks from the lodestar calculation); Jones v. Metropolitan Life Ins. Co., 845 F. Supp. 2d 1016, 1027 (N.D. Cal. 2012) (deducting time for "filing or retrieving electronic court documents or copying"). Because Defendant correctly points out that some of the billed hours for which Plaintiff seeks to recover should instead be classified as non-recoverable clerical work, the following items will be disallowed.

| Date | Person | Action | Time | Role |
|---|---|---|---|---|
| 8/26/2016 | Local Attorney | Filed Notice of Appearance | 0.25 | Attorney |
| 8/26/2016 | Local Paralegal | Filed complaint, civil cover sheet via CME/EFC | 0.5 | Clerk |
| 8/26/2016 | Local Paralegal | Filed "Exhibit A" via CME/ECF | 0.25 | Clerk |
| 8/31/2016 | Solomonik | Completed Summonses and mailed to 3 Def. parties via certified mail/return | 0.85 | Clerk |
| 9/16/2016 | Solomonik | Drafted & filed proof of service, emailed Juanita; D's answer/AR due 11/7/2016 | 0.4 | Clerk |
| 1/19/2017 | Solomonik | Per SS, filed MSJ: motion and memo separately | 0.21 | Clerk |
| 8/16/2017 | Solomonik | Downloaded D's response to motion to amend complaint, emailed SS & MM | 0.15 | Clerk |
| | | **Total Clerk Hours** | 2.36 | |
| | | **Total Attorney (2016) Hours** | 0.25 | |

Finally, Defendant further contends Plaintiff's fee request is unreasonable because it includes entries from a Motion to Amend the Complaint that was ultimately denied. According to Defendant, this Court should limit Plaintiff's fees recovery to include only hours spent on issues on which Plaintiff "prevailed." This argument is unpersuasive.

> "[A] lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation. Where a plaintiff has

5

> obtained excellent results, his attorney should recover a fully compensatory fee… In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit."

Hensley v. Eckerhart, 461 U.S. 424, 435, 437 n.12 (1983). Plaintiff's Motion to Amend involved related claims to the initial complaint, in which it is undisputed that Plaintiff was the prevailing party.

In sum, the Court finds the number of hours expended in this case (47.98 hours) to be reasonable, especially when compared to the time devoted to similar tasks by counsel in like social security appeals coming before this Court. See Stamper v. Colvin, No. 2:12-cv-0192 AC, 2013 U.S. Dist. LEXIS 179911, at *2 (E.D. Cal. Dec. 23, 2013) (finding 51 hours to be a reasonable amount of time); Boulanger v. Astrue, No. CIV S-07-0849 DAD, 2011 U.S. Dist. LEXIS 121149, at *2 (E.D. Cal. Oct. 19, 2011(finding 58 hours to be a reasonable amount of time); Watkins v. Astrue, No. CIV S-06-1895 DAD, 2011 U.S. Dist. LEXIS 118497, at *2 (E.D. Cal. Oct. 13, 2011) (finding 62 hours to be a reasonable amount of time); Vallejo v. Astrue, No. 2:09-cv-03088 KJN, 2011 U.S. Dist. LEXIS 106571, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be a reasonable amount of time). Plaintiff will be awarded $8,130.30. This represents .60 attorney hours at $192.68/hour in 2016; 36.55 attorney hours at $196.79/hour in 2017 and 2018; and 8.22 paralegal and law clerk hours at $100/hour.[2]

**B.  Assignment of Fee Award**

Finally, Plaintiff asks that the fee award be awarded to Plaintiff's counsel pursuant to a fee agreement signed by Plaintiff. But, an attorney fee award under the EAJA is payable to the litigant and is therefore subject to a government offset to satisfy any pre-exiting debt owed to the United States by the claimant. Astrue v. Ratliff, 560 U.S. 586, 592-93, (2010). That said, a number of courts have ordered payment of the award of EAJA fees directly to plaintiff's counsel pursuant to plaintiff's assignment of EAJA fees,

---

[2] The reduction of 0.25 attorney hours for 2016 and the 2.36 of paralegal and clerk hours spent on clerical tasks is reflected in the foregoing.

6

provided that the plaintiff has no debt that requires offset.  See Blackwell v. Astrue, No. CIV 08-1454 EFB, 2011 WL 1077765 (E.D. Cal. Mar. 21, 2011); Dorrell v. Astrue, No. CIV 09-0112 EFB, 2011 WL 976484 (E.D. Cal. Mar. 17, 2011); Calderon v. Astrue, No. 1:08-cv-01015 GSA, 2010 WL 4295583 (E.D. Cal. Oct. 22, 2010); Castaneda v. Astrue, No. EDCV 09-1850-OP, 2010 WL 2850778 (C.D. Cal. July 20, 2010).  In addition, parties in other cases "have stipulated that, if plaintiff does not owe a federal debt, the government will consider the plaintiff's assignment of EAJA fees and expenses to plaintiff's attorney and shall honor the assignment by making the fees and expenses payable directly to counsel."  Degowin v. Colvin, No. 2:14-cv-2463 KJM DB, 2017 WL 218341 (E.D. Cal. Jan. 18, 2017).

Here, Plaintiff assigned his right to EAJA fees to his attorney.  Accordingly, should Plaintiff not have a debt that is subject to offset, the award of fees may be paid directly to counsel.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Attorney's Fees (ECF No. 39) is GRANTED.  Plaintiff is entitled to recover reasonable attorney's fees in the amount of $8,130.30.  Defendant shall pay these fees and costs directly to Plaintiff's counsel, subject to any government debt offset and subject to the government's waiver of the requirements under the Anti-Assignment Act.

IT IS SO ORDERED.

Dated:  October 23, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE